UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

TERRANCE GRISSOM,

        Plaintiff,

        v.                                                         Case No. 06-CV-677

SERGEANT MAYS, and
OFFICER MCCORMICK,

        Defendants.

_____

## ORDER

On June 9, 2006, *pro se* plaintiff Terrance Grissom, a prisoner at Waupun Correctional Institution, filed a complaint pursuant to 42 U.S.C. § 1983, alleging that his civil rights were violated when the defendants, prison guards at Waupun Correctional Institution, used excessive force by grabbing the plaintiff's throat and causing his head to hit the door of his cell, resulting in a knot on his forehead. The plaintiff claims that he was denied medical treatment for his head injury. Additionally, the plaintiff alleges that defendant McCormick searched his cell without a warrant, seized his legal documents, and placed the plaintiff on a meal restriction which does not permit him to use a meal tray. Finally, the plaintiff alleges that he is in imminent danger of physical injury because defendant Mays threatened to kill him if he did not uncover his cell door window. In connection with his complaint, the plaintiff filed a request for leave to proceed in forma pauperis even though he has accumulated over three "strikes" pursuant to 28 U.S.C. § 1915(g).

Pursuant to the Prison Litigation Reform Act (PLRA) enacted April 26, 1996, the plaintiff is required to pay the statutory filing fee of $350.00 in full for this action. 28 U.S.C. § 1915(b)(1). In forma pauperis status, if granted, would allow the plaintiff to pay the filing fee in increments and would preclude dismissal of this action solely for the plaintiff's inability to pay the initial partial filing fee. 28 U.S.C. § 1915(b).

The PLRA provides, however, that if a prisoner has filed three or more actions or appeals that have been dismissed as frivolous or malicious or for failure to state a claim upon which relief can be granted, the prisoner will be prohibited from bringing any other actions in forma pauperis unless the prisoner is in imminent danger of serious physical injury. The precise language of 28 U.S.C. § 1915(g) is as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Grissom has filed 40 lawsuits in this district. At least four recent actions were dismissed for failing to state a claim: 1) *Grissom v. Rauschenbach*, Case No. 04-CV-1252, dismissed on February 9, 2005; 2) *Grissom v. Champagne, et al.*, Case No. 04-CV-1251, dismissed on February 9, 2005; 3) *Grissom v. Gordon*, Case No. 04-CV-1249, dismissed on February 9, 2005; and 4) *Grissom v. State of Wisconsin*, Case No. 05-CV-206, dismissed on February 25, 2005. Accordingly,

Grissom may only proceed in forma pauperis in this case if he is in imminent danger of serious physical injury.

In order to meet the imminent danger requirement of 28 U.S.C. § 1915(g), the threat must be real and proximate, and the potential consequence must be serious physical injury. *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). Allegations of past harm do not suffice; the harm must be imminent or occurring at the time the complaint is filed. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citations omitted). In addition, courts deny leave to proceed in forma pauperis when a prisoner's claims of imminent danger are conclusory or ridiculous. *Id.* at 331 (citing *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003) (contesting one's conviction and complaining of inadequate protection two years previously is not imminent danger); *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (working in inclement weather twice is not imminent danger); *White v. Colorado*, 157 F.3d 1226, 1231 (10th Cir. 1998) ("vague and conclusory" assertions of withheld medical treatment when prisoner was seen over 100 times by physician is not imminent danger). However, § 1915(g) is not a vehicle for determining the merits of a claim, but rather a simple statutory provision governing when a prisoner must pay the filing fee for his or her claim. *See Ciarpaglini*, 352 F.3d at 331.

In enacting the PLRA, Congress intended to discourage the filing of frivolous in forma pauperis lawsuits. Congress included the "three strikes" provision in the PLRA to prevent continued free rides for a person in custody who has been flooding the courts with frivolous and vexatious litigation. The court is aware that on occasion

frequent filers undermine this goal by simply using the words "imminent danger" in their complaints. However, simply using the words "imminent danger" does not demonstrate that such danger is real. Notably, the plaintiff in this case has requested in forma pauperis status, alleging that he is in imminent danger of physical injury, in three other lawsuits filed in the past four months in this court: *Grissom v. Swiekatowksi*, Case No. 06-CV-225; *Grissom v. Kingston*, Case No. 06-CV-626; and *Grissom v. Kingston, et al.*, Case No. 06-CV-643.

In the instant case, the court is unable to reasonably infer imminent danger of serious physical injury from the facts alleged. According to the complaint, the plaintiff was subjected to a past injury due to the defendants grabbing his throat, however nothing suggests that the defendants' actions are ongoing or likely to occur again. Thus, the plaintiff's allegations refer to a past injury that has not recurred, and pursuant to prevailing circuit law, a past injury that has not recurred does not justify in forma pauperis status. *See Ciarpaglini,* 352 F.3d at 330 (citing *Abdul-Akbar v. McKelvie*, 239 F.3d 307 (3rd Cir. 2001) (being sprayed with pepper spray once not imminent danger); *Abdul-Wadood v. Nathan*, 91 F.3d 1023 (7th Cir. 1996) (being given Ibuprofen instead of something stronger for injury, now healed, is not imminent danger)).

Additionally, the plaintiff's claim that he is in imminent danger of serious physical injury relies on the dubious assumption that defendant Mays, a prison guard, was going to murder the plaintiff if he did not uncover his cell door window. Thus, the imminent harm is of the plaintiff's own doing. To escape the alleged harm,

-4-

the plaintiff needs only to cooperate with the prison guards. Moreover, as the Seventh Circuit noted in *Ciarpaglini*, "[c]ourts . . . deny leave to proceed IFP [in forma pauperis] when a prisoner's claims of imminent danger are conclusory or ridiculous." *Ciarpaglini v. Saini*, 352 F.3d at 331. While some of the plaintiff's claims may have a modicum of merit, the facts of his compliant taken as true do not lead the court to conclude that the plaintiff is in imminent danger of serious physical injury.

The court concludes that the facts alleged in the complaint, taken as true, are insufficient to show that the plaintiff is in imminent danger of serious physical injury and thus, the plaintiff is ineligible for the exception to the "three strikes" provision under 28 U.S.C. § 1915(g). Accordingly, in forma pauperis status will not be granted. The plaintiff may still proceed with this action, but to do so he must pay the full amount of the $350.00 filing fee to the clerk of court within 20 days from the date of this order or his case will be dismissed without prejudice and without further notice from the court.

A prisoner who becomes ineligible under § 1915(g) to continue litigating in forma pauperis, and who then files additional suits or appeals yet does not pay the necessary fees, loses the ability to file future lawsuits, pursuant to the mechanism devised by *Support Systems Int'l v. Mack*, 45 F.3d 185 (7th Cir. 1995) (per curiam). *See Newlin v. Helman*, 123 F.3d 429, 437 (7th Cir. 1997) (*rev'd on other grounds by*, *Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000) and *Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000)). A *Mack* order requires the clerks of courts within this circuit to

return civil complaints unfiled, without even presenting them to judges, until the plaintiff's debt to the judicial system has been paid. *Newlin*, 123 F.3d at 437.

As explained above, the plaintiff has filed 40 lawsuits in this district. Moreover, recently four of his cases were dismissed for failure to state a claim. The plaintiff continues to file civil rights actions seeking leave to proceed in forma pauperis despite his large debt to the court. Therefore, the plaintiff has earned a *Mack* order.

Accordingly,

**IT IS ORDERED** that the plaintiff's motion to proceed in forma pauperis (Docket # 2) be and the same is hereby **DENIED**; the plaintiff shall pay the full amount of the $350.00 filing fee within 20 days from the date of this order or his case will be dismissed without prejudice and without further notice from the court;

**IT IS FURTHER ORDERED** that, pursuant to *Support Systems Int'l v. Mack*, 45 F.3d 185 (7th Cir. 1995), until the plaintiff has paid in full all outstanding fees in all civil actions he has filed, the clerks of all federal courts in this circuit will return unfiled any papers submitted either directly or indirectly by or on behalf of the plaintiff. This order does not apply to criminal cases or petitions challenging the terms of his confinement, and may be reexamined in two years, under the approach of *Newlin*, 123 F.3d at 436-37, and *Mack*, 45 F.3d at 186-87.

Dated at Milwaukee, Wisconsin, this  21st  day of June, 2006.

BY THE COURT:

  s/ J. P. Stadtmueller
J. P. Stadtmueller
U.S. District Judge